### MILES v. TERRY & TENCH CO.

(Supreme Court, Appellate Division, First Department. March 8, 1912.)

NEGLIGENCE (§ 139*)—ACTION FOR INJURIES—INSTRUCTIONS—INSPECTION OF MACHINERY.

In an action for personal injuries from the boom of a derrick, rented by defendant with a hoisting engine to plaintiff's employer, and which it was the duty of the engineer furnished by defendant to inspect, where the evidence warranted the jury in finding that by proper inspection it would have been discovered that a part of the machinery was defective, in sufficient time before the accident to have afforded a reasonable time for repairs, an instruction that defendant was bound to exercise such care in using the engine and derrick as a prudent man would consider necessary under all the circumstances of the case to prevent harm to plaintiff, who was engaged in signaling the engineer, was reversible error as predicating negligence not on failure to inspect, but on failure to exercise due care in using the machinery or in furnishing it originally.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 371–377; Dec. Dig. § 139.*]

Appeal from Trial Term, New York County.

Action by James Miles against the Terry & Tench Company. From a judgment for plaintiff and from an order denying a motion for a new

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

trial, defendant appeals. Judgment and order reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and MILLER, JJ.

James B. Henney (Owen F. Hughes, on the brief), for appellant.
Cornelius J. Earley (S. J. Bischoff, on the brief), for respondent.

LAUGHLIN, J. This action is brought to recover damages for personal injuries sustained by plaintiff on the 8th day of November, 1908, while in the employ of one Bonner and in the performance of duty, giving signals to an engineer in charge of a hoisting engine on a floating derrick used in unloading earth from a scow and dumping it for filling, in the construction of a dock at Oak Point on the East River at the foot of East 162d street. One McPherson was interested with Bonner in the work and in the profits. The derrick and hoisting apparatus were owned by defendant and rented to Bonner under a contract by which defendant also furnished the engineer and another man, and received $20 or $22 per day for the use of the scow, hoisting engine, and derrick, and for the services of the two men. Bonner provided the bucket which was used to hoist the earth and furnished the coal to run the engine. Immediately preceding the accident plaintiff signaled the engineer to raise the bucket and swing it over to the dumping ground, and this signal having been obeyed, he gave another signal at the proper time to empty the bucket. The engineer attempted to obey that signal by applying a friction brake, but the lever which controlled the brake failed to respond, owing to the fact that a key which held the lever of the friction brake to the shaft had worked loose and slipped out. This failure of the machinery to operate properly and the efforts of the engineer, in the emergency, to control it, resulted in the bending or breaking of the boom of the derrick, causing it to strike and injure plaintiff. It was the duty of the engineer to inspect the machinery and appliances including said key.

The evidence tends to show that the key became loose and worked out gradually, and would have warranted the jury in finding that by proper inspection it would have been discovered that it was working loose sufficiently long before the accident to have afforded reasonable time for repairs. The accident occurred on a Sunday morning after the machinery had been in operation only a few minutes. The issues became somewhat confused by an effort, on the part of the defendant, to show that the work was prosecuted on Sunday without its knowledge or consent, and pursuant to an arrangement between its engineer and Bonner and McPherson, by which the latter agreed to pay the engineer for the overtime. This evidence does not purport to show an agreement made with the engineer for the use of the hoisting engine and appliances for Sunday, and it is fairly to be inferred that it was contemplated that the defendant should be paid the same as for the use of the machinery and services of its employés on other days, but that there would be an additional charge, referred to as pay for overtime, on account of working Sunday, and that McPherson had agreed to pay the defendant's engineer for all charges for overtime on the

work. It is scarcely susceptible of the construction that the engineer was to be fully paid by McPherson for the services rendered on Sunday. That evidence, however, is not very material, for the reason that the accident was not caused by *negligent operation* of the hoisting machinery and appliances on the morning of the accident, which would give rise to a question as to whether the engineer was, in the circumstances, still to be regarded as in the employ of the defendant, or whether his services were taken over by Bonner and McPherson for that day, under the ruling of Higgins v. Western Union Telegraph Co., 156 N. Y. 75, 50 N. E. 500, 66 Am. St. Rep. 537, and kindred authorities.

The negligence which caused the accident was failure to properly inspect the machinery and appliances. That duty devolved on the engineer, and in performing it he was acting for the defendant, and the evidence tends to show that a proper inspection on Saturday would have disclosed the fact that the key was out or was working loose. The case, however, was not submitted to the jury on that theory, although there is no attempt to sustain the verdict on any other theory. The learned trial court evidently was of opinion that since the plaintiff was not in the employ of the defendant, it could not be said that the defendant owed him any duty to inspect the machinery and appliances. The court in the charge drew attention to the evidence with respect to inspection, and counsel for defendant evidently understood the court to instruct the jury that it was the duty of the defendant to inspect the machinery, and he took an exception to the charge on that point and expressly stated that it was taken upon that theory, whereupon the court stated that the jury had not been instructed that there was any duty on the part of defendant to inspect the machinery, and that the question for the jury to determine was whether the defendant exercised such care and caution "in using that instrumentality which a prudent man would consider necessary under all the circumstances of the case to prevent" harm to one in plaintiff's position, which is in substance the same as the main charge with the exception of the reference to the evidence relating to inspection. This was the last instruction given to the jury on the subject, and it is evident that the jury were permitted to predicate negligence, not upon a failure to inspect and repair which was the only failure of duty, but upon the failure to exercise proper care in using the machinery and appliances, or in furnishing them originally, and although the point is not presented by exception we are of opinion that there should be a new trial for the reason that the jury might have found that proper inspection would not have revealed the looseness of the key.

It follows that the judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event.

McLAUGHLIN, CLARKE, and MILLER, JJ., concur. INGRAHAM, P. J., concurs in result on the ground that the finding that the defendant was negligent is against the evidence.